JEREMIAH KIMBALL *versus* JAMES IRISH & *al.*

The justices who administer the oath to a poor debtor under Rev. Stat. c. 148, may amend their certificate by adding, in accordance with the truth, the mode in which their own selection was made, and that the debtor was examined upon his oath.

Where the certificate of the justices that the debtor had taken the oath, was without date, and did not on its face apply to this, any more than to any other similar case, but yet was introduced at the trial, as evidence that the oath had been taken as required, and went to the jury, without any objection, as affording evidence that it had been so taken; an objection for that cause cannot be allowed to prevail, if it be first taken at the argument of questions of law arising on other points.

Exceptions should be specifically taken during the trial, and should so appear in the exceptions; and if not so taken, they will be considered as waived.

The provisions of the thirty-first section of c. 148, (Rev. St.) do not apply to a case in which the debtor may be called upon to show that he has performed the conditions of a bond, made in conformity to the twentieth section of the same statute; but to a case where the debtor was actually under arrest or in prison, at the time of the proceedings preparatory to the taking of the oath.

EXCEPTIONS from the Western District Court, GOODENOW J. presiding.

A copy follows: —

This was an action of debt, on a poor debtor's bond, in which said James Irish was principal, and Marshall Irish and John Wingate were sureties. Said bond may be referred to, but need not be copied.

The execution of said bond was admitted.

The defendant introduced in his defence, papers marked A, B, C, D, & E, to prove that he had complied with one of the conditions of said bond, viz : that he had disclosed according to the provisions of the Rev. Stat. c. 148. Said papers are to be made part of the case, but need not be copied.

Plaintiff objected to the sufficiency of said papers.

1st. Because he alleged, that it did not appear by them in what manner the justices, to take the disclosure, were selected.

2d. Because he alleged, that it did not appear whether or not the oath was administered before the disclosure was made.

3d. Because he alleged that the disclosure of the debtor, as appears by paper marked C. was sworn to, before one only of the justices, while he alleged that it should have been sworn to before both of the justices.

The Court allowed the justices to amend their certificate, so that instead of reading as follows, viz: —

" Cumberland, ss. Sworn to before us.

" Josiah Pierce, ⎞ Justices of the Peace, and
" Elijah Hayes, ⎠ of the Quorum,"

it should read in the following manner, viz: —

" Cumberland, ss. Sworn to before us, Josiah Pierce, selected by James Irish, and Elijah Hayes, selected by a constable, the creditor neglecting and refusing to choose or select a justice.

" Josiah Pierce, ⎞ Justices of the Peace and
" Elijah Hayes, ⎠ of the Quorum."

The Court also allowed the Justices to amend their certificate of having administered the oath to the debtor, by inserting the following words, viz: — " and examined 'him on his oath."

The verdict was for the defendants. The Court ruled that said papers show a compliance with one of the conditions of the bond; to which ruling, and to the allowing of the said amendments, by the Court, when objected to by the plaintiff, the plaintiff excepted and his exceptions were allowed.

Paper A, referred to, was the application and citation to the creditor. Paper B, was the certificate of discharge, signed by two justices of the peace and of the quorum, but without date. Paper C, was a like certificate, with a date; but signed by only one of the justices. D, was a written selection of one of the acting justices by the debtor. E, was a written statement, that the creditor had neglected to select a justice, with a request, that a sheriff, deputy sheriff, or constable,

would select one, and a return by a constable, that he had selected a justice, being one of those who signed the certificate.

*Sweat,* for the plaintiff, said that either of the two first objections made at the trial, was fatal unless removed by the amendment. The only question then, upon them, is whether the amendment was within the power of the Judge.

The paper marked B, is without date and has nothing in it to connect it with this judgment or execution. This was not done, and could not be done by parol evidence. 1 Maine R. 340 ; 11 East, 140.

That marked C, is invalid as a discharge, because it was signed only by one of the justices.

The selection of the justices was unauthorized, being made by a constable, who was not the officer who made the arrest. Rev. St. c. 148, § 46 ; *Bunker v Hall,* 23 Maine R. 26.

Under the general ruling of the Judge, it is objected, that the papers do not show, that the justices met at the time and place appointed in the notice. Nor do the papers show, that the certificate prescribed by the St. c. 148, § 31, was given. Nor does it appear, that the debtor was examined by the magistrates. 23 Maine R. 144, 244 and 496. Nor that he took the oath before both the justices.

*E. Hayes,* for the defendants, cited *Burnham* v. *Howe,* 23 Maine R. 489.

The opinion of the Court was drawn up by

W<small>HITMAN</small> C. J. — The defendant, James Irish, on being arrested on execution, wherein he was one of the debtors, and the plaintiff, the creditor therein, gave a bond as provided in c. 148, § 20, of the Rev. Stat. and on this the present action is founded : and the defence is, that one of the alternatives mentioned in the bond has been performed, and the forfeiture of the penalty thereby avoided ; and this depends on whether the debtor cited the creditor, and disclosed, and was admitted to the oath of a poor debtor, in due form, and has furnished the proper evidence of his having done so.

The objection, specifically made at the trial, to the docu-

ments introduced by the defendant, as evidence of his ground of defence, were obviated by amendments, then permitted to be made, and which were clearly allowable, similar amendments having been sanctioned by this Court on former occasions. The Judge, however, in charging the jury, instructed them in general terms, that those documents show a compliance with the provision of the section above cited ; and it is now urged, that the certificate by the magistrates, of the taking of the poor debtor's oath, being one of the documents produced, is without date, and might as well be applied to any other case as to the one in question ; and on inspection of the document, such would seem to be in fact true. But it was used at the trial, without objection, as applicable to this case, and as having been made in regard to the oath taken in pursuance of the process issued and pending before the proper tribunal, in reference to the condition contained in the bond in suit. Regularly, exceptions, in order to be available, should be specifically taken during the trial, and, if not so taken, they should be considered as waived. This certificate was introduced as evidence, that the oath had been taken as required, and went to the jury without objection, as affording evidence that it had been so taken. If it had been objected to on its being introduced, the defect might have been cured by an amendment, and perhaps by parol proof. The objection, therefore, if valid, when seasonably made, comes too late and cannot be allowed to prevail without manifest injustice.

It is next objected, that no certificate was produced at the trial, such as is provided for in $ 31 of the statute. This too, is an objection not particularly noticed at the trial, and must be considered as arising, if at all, under the generality of the instruction of the Judge, to the jury. But this provision in the statute has reference to the case of a poor debtor, who, at the time of the proceedings preparatory to taking the oath, was actually in prison, and to procure his liberation therefrom and from a future arrest for the same debt, as is fully manifested in $ 32 of the same statute, and is not essential to a case in which the debtor may be called upon to show, that he has

performed the condition of a bond made in conformity to said § 20. *Exceptions overruled,*

*Judgment on the verdict.*